Filed 11/21/24  P. v. Ramirez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO JESUS RAMIREZ,<br><br>    Defendant and Appellant. | D084044<br><br><br>(Super. Ct. No. BA1500267) |

APPEAL from an order of the Superior Court of Riverside County, Joshlyn Pulliam, Judge.  Affirmed.

Ricardo Jesus Ramirez, in pro. per.; and James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2018, a jury convicted Ricardo Jesus Ramirez of dissuading a witness (Pen. Code,[1] § 136.1, subd. (b)(1)), participating in a criminal street gang (§ 186.22, subd. (a)), and being a felon in possession of a firearm (§ 2980, subd. (a)(1)).

---

[1]    All statutory references are to the Penal Code.

The court found true a strike prior (§ 667, subds. (b)-(i)) and a serious felony prior (§ 667, subd. (a)). Ramirez was sentenced to life in prison with the possibility of parole after 14 years plus a consecutive term of five years for the serious felony prior.

In 2024, Ramirez filed a petition for resentencing under section 1172.6, even though Ramirez was not convicted of any homicide related offense.

The court appointed counsel, received briefing, and held a hearing. The court concluded Ramirez had not been convicted of any offense which would be eligible for relief under section 1172.6. The court therefore denied the petition without issuing an order to show cause or holding an evidentiary hearing.

Ramirez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issue for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error as we would do if the case was controlled by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We advised Ramirez he could file his own brief on appeal. He has responded with a supplemental brief. Ramirez does not address the fact he was not convicted of any homicide offense that would make him eligible for relief under section 1172.6.

Ramirez was tried together with a codefendant who was convicted of murder. Essentially Ramirez argues that since homicide instructions were given to the jury in the joint trial, he should be eligible for resentencing of his nonhomicide convictions. Ramirez has not raised any potentially meritorious issues relevant to the order on which this appeal is based.

2

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*. Counsel asks the court to exercise its discretion to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying the petition for resentencing without issuing an order to show cause and holding an evidentiary hearing.

We have exercised our discretion to independently review the record for error. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Ramirez on this appeal.

DISPOSITION

The order denying Ramirez's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.


3